Honorable Michael A. Burke State Representative, District 73 2338 Gaebler Overland, Missouri 63114
Dear Representative Burke:
This letter is in response to your request for an opinion asking:
 "Do the provisions of House Bill No. 341, passed by the seventy-ninth general assembly and approved by the governor on July 27, 1977, preclude a peace officer from detaining a juvenile who is publicly intoxicated or prevent a finding that the juvenile is delinquent, neglected or in need of protection of the juvenile court?"
You also state:
 "House Bill No. 341 purports to decriminalize the act of public intoxication. Nevertheless, section 2 of this act states the act does not affect any laws regarding `the sale, purchase, dispensing, possessing or use of alcoholic beverages at stated times and places or by a particular class of persons. . . .' Moreover, section 3 of this act allows a police officer to detain a person who is in an incapacitated or intoxicated condition."
House Bill 341, First Regular Session, 79th General Assembly, provides for the repeal of Section 562.260, RSMo 1969, and enacts in lieu thereof a new section bearing the same number and three new additional sections. The act provides as follows:
562.260.
 "It shall be unlawful for any person in this state to enter any schoolhouse or church house in which there is an assemblage of people, met for a lawful purpose, or any courthouse, in a drunken or intoxicated and disorderly condition, or to drink or offer to drink any intoxicating liquors in the presence of such assembly of people, or in any courthouse within this state and any person or persons so doing shall be guilty of a misdemeanor.
* * *
 "SECTION 1. No county or municipality, except as provided in section 2, may adopt or enforce a law, rule or ordinance which authorizes or requires arrest or punishment for public intoxication or being a common or habitual drunkard or alcoholic. No county or municipality may interpret or apply any law or ordinance to circumvent the provisions of this section.
 "SECTION 2. Nothing in section 1 shall be construed to affect any law, rule or ordinance against drunken driving, driving under the influence of alcohol or other similar offense involving the operation of a vehicle, aircraft, boat, machinery, firearms or other equipment, or regarding the sale, purchase, dispensing, possessing or use of alcoholic beverages at stated times and places or by a particular class of persons, nor shall section 1 prevent the apprehension, arrest, incarceration and prosecution of any person who commits any other crime while intoxicated or under the influence of alcohol.
 "SECTION 3. (1) A person who appears to be incapacitated or intoxicated may be taken by a peace officer to the person's residence, to any available treatment service, or to any other appropriate local facility, which may if necessary include a jail, for custody not to exceed twelve hours.
 (2) Any officer detaining such person shall be immune from prosecution for false arrest and shall not be responsible in damages for taking action pursuant to subsection 1 above if the officer has reasonable grounds to believe the person in incapacitated or intoxicated by alcohol and he does not use unreasonable excessive force to detain such person.
 (3) Such immunity from prosecution includes the taking of reasonable action to protect himself or herself from harm by the intoxicated or incapacitated person."
The first above-quoted paragraph is the same as was subsection 1 of Section 562.260, prior to repeal. In addition to the new sections which are set out and which were enacted into law the effect of House Bill 341 was to repeal subsection 2 of Section562.260, RSMo 1969, which provided:
 "(2) It shall be unlawful for any person in this state to attend or be in any other public place, in a drunken or intoxicated and disorderly condition, and any person or persons so doing shall be guilty of a misdemeanor. As used in this section, the term `public place' concludes but is not limited to any common carrier, building, street, lane, park, or place of public resort, recreation or amusement other than a privately owned and operated business establishment."
Other sections relating to the sale of intoxicating liquor or beer or nonintoxicating beer to minors and possession of intoxicating liquor or beer or nonintoxicating beer by minors were not repealed and are still in effect. See Sections 311.310,311.320, 311.325, 312.405 and 312.407, RSMo 1969.
Assuming, however, that we are not dealing directly with the statutory prohibitions which still exist and that your question is limited to the simple situation where the minor is found in an intoxicated or seemingly intoxicated condition which indicates that he is in need of care, we believe that Section 211.031, RSMo Supp. 1976, is applicable.
Subsection 1(1) (c) of such section provides:
 "1. Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:
 (1) Involving any child who may be a resident of or found within the county and who is alleged to be in need of care and treatment because:
* * *
 (c) The behavior, environment or associations of the child are injurious to his welfare or to the welfare of others;"
Reading the last quoted section in conjunction with Section 3 of House Bill 341 indicates, in our view, that if such a "child" (defined as a person under seventeen years of age, Section 211.021, RSMo 1969) is found in an intoxicated or incapacitated condition, he may be taken by a peace officer ". . . to the person's residence, to any available treatment service, or to any other appropriate local facility, . . ." Such "appropriate local facility" would usually be a facility under the jurisdiction of the juvenile court.
Therefore, it is our view that the provisions of House Bill 341 do not preclude a peace officer from detaining a juvenile who is publicly intoxicated or prevent the judge of the juvenile court from making a determination that such a juvenile is within the exclusive jurisdiction of the court pursuant to subsection 1(1) (c) of Section 211.031.
Very truly yours,
 JOHN ASHCROFT Attorney General